May it please the court, my name is Rebecca Pennell representing Joe Reyes. There were three issues raised in the briefs. I want to focus on the second. The first issue, the SORNA issue, appears to be controlled by the George case. A petition for rehearing has been filed in George. The message we've been getting is many cases are being stayed pending the U.S. Supreme Court's case in Carr. Mr. Ekstrand and I have several SORNA cases together. Two other cases have been stayed thus far. With respect to the third issue, the supervised release conditions, the parties are in agreement that the added conditions need to be stricken. The second issue has to do, of course, with the sentencing guidelines and whether or not the district court erred in determining that Mr. Reyes's base offense level should be controlled by categorization as a level three sex offender. The first question is, do we apply a categorical approach to the prior convictions or not? The government says that- The question is whether he waived it. Waived the sentencing guideline issue by not raising it below? Not by not raising it, but by expressly telling the court, you don't have to bother. It doesn't matter. We don't care. It's all right if it's three. It's fine with us. I don't want an extension of time to research it further. It's just fine. It makes no real particular difference to us. Let it be. That's what he said. So did Reyes himself, by the way. Mr. Reyes is a person who likes to get things over with, but I don't think that justice is necessarily done by getting things over with quickly. I think- The question is forfeited versus waived. If it's waived, it's gone. If it's just forfeited, then we can review it for plain error. But isn't that really the first question? Well, certainly that issue wasn't briefed. My understanding is a plain error standard, which would be was there error or not. I don't think that no one ever proposed. I think it would be completely waived if the defense had proposed this is the base offense level. I think that they went into sentencing focused on some other things. Everybody was, and that's why there was error that we're saying is plain. But certainly we're dealing with a plain error standard, and I think it's very confusing. The statute is very confusing. There's so many cross references it makes your head spin. But the first question is whether a categorical approach applies or not. The government is saying that a categorical approach does not apply, and I don't think that there's any authority or justification for saying that. The one case that this Court has issued, the Buin case, indicates at least that there is a hybrid approach, which would be consistent with the Supreme Court's decision in Nihuan v. Holder, if I'm pronouncing that right, that maybe as to some portions of the definition, characteristics portions are not subject to the categorical approach. But in terms of comparing one offense to another offense, the categorical approach applies. In this instance, the statute says, are you convicted of an offense comparable to these series of federal offenses? The comparable test I interpret as being, does this meet the categorical approach? And then beyond that. That means the same. Categorical means the same, not comparable. Well, if it were exactly the same, then only federal convictions would apply. So clearly, if you were to cover non-federal convictions, then the elements besides the federal nature of the conviction would have to apply. At the very least, the statute would be ambiguous as to whether or not categorical approach applies, in which case the rule of lenity would kick in. If it's ambiguous, you've got a terrible plain air problem, don't you? Well, nevertheless, if there's air, there's air. But I think that Congress should be well aware of the categorical approach that's been used by the Supreme Court for a very long time. And if they had intended for something other than the categorical approach to apply, they could have said so much more clearly than to say, I take the comparable language to just be the type of statement that, look, this isn't limited to federal offenses. State offenses can count as long as they meet the elements. Otherwise, there's also no test for what does comparable mean. Is it close enough? What is close enough if it doesn't mean comparable under the categorical approach? The other question in this case is that we're dealing with two predicate convictions, a second-degree rape and a first-degree sex abuse under Oregon law, and there were no documents presented at the time of sentencing to clarify, especially with respect to the second conviction, the first-degree sex abuse, which version of the statute was violated. There's an allegation that the victim was under 11, but that was not contained in any judicially noticeable documents that we know of. It appears to be just a fact that was inserted in the pre-sentence report. But with respect to the two convictions, to the extent that they're overbroad, they have not been narrowed. The first-degree sex abuse conviction includes even elements including bestiality with someone under 18, and that's clearly not referenced in any of the federal offenses. They also reference a statutory rape offense where there's no age difference requirement, so that's different from the federal definition of statutory rape as well. So it seems to me that the only conviction that you really could look at is the more limited conviction for second-degree rape, which is Oregon Revised Statute 163-365, which is more narrowed in that it specifies intercourse with a person under 14. But, again, there's no age difference. So then you go to the possibilities for a Tier 3 sex offense. There could be an offense comparable to 2241 of Title 18, aggravated sex abuse, but categorically none of those apply in that one subsection requires force or threat. No force or threat was required for the convictions in this case. There were no other aggravating means, nor was it required that the victim be under 12, as is required under federal law. 2242 talks about a person being threatened or incapable of consenting. Again, the elements in this case were not limited to that. While it might have been possible that Mr. Reyes was convicted under something similar to that, that was not established. And then under 2244, that is the extreme in cross-referencing, in that it cross-references it's a sexual contact and then cross-references a bunch of more serious offenses and saying that they would qualify as abuse of sexual contact if intercourse had not been involved, if it had been a sexual act. Again, in this case, the more limited offense is for intercourse, not for sexual contact, so that's an initial problem. But again, you get into problems where I think you first need to look at, was the federal offense committed? And for the very same reasons that I just went through, the federal offenses are not limited to the state offenses, not limited in the way that the federal offenses are. So even though there is this qualifier for under 13, you don't get to the qualifier because the first test is, is the federal offense a match to the state offense? It's just not a match. And so the same problem applies to a Tier 2 offender, so it's our position that Mr. Reyes should have been treated as a Tier 1 offender. This certainly is a very complicated and confusing area, and it would be helpful to have some clarification from the court so that this type of situation doesn't happen again. And if there are no questions, I'll reserve the remainder of my time. Great. May it please the Court, Alexander Eckstrom on behalf of the United States of America appellee. Your Honor, the government agrees with counsel as to Issues 1 and 3. Issue 3, we concede, requires remand so that the oral pronouncement of judgment controls and that the six additional conditions mentioned in the written judgment that are inconsistent would have to be stricken. As to the first issue, it's the government's position that with respect to SORNA, this case is on point with United States v. George, specifically because all of the conduct alleged in the indictment occurs after the Attorney General's interim rule indicating that SORNA applies to pre-SORNA offenders. Because that occurred, the AG's interim rule, in August of 2007, and all of the charged conduct in the indictment occurred early the following year, there's none of the retroactivity issues. We recognize that the Wachumwa case and also the decision on George itself has been stayed based on the Supreme Court decision, and so certainly for consistency we anticipate that would happen. However, we do stand by our position that the facts in this case are substantially similar to George. You mean the Supreme Court decision where they granted certiorari? Yes, I do, Your Honor. But that was only on ex post facto, and that's not in this case? It is. That's what it is in this case? It is not. And so perhaps I'm not being entirely clear. Because the Court took that position in Wachumwa, which is factually similar to this case, if one is looking to do things the same way in similar cases, then one would need to wait. However, our position here, as it was in Wachumwa, is that the issues upon which cert was taken are different and deal with retroactivity, which is not an issue that's presented here. While not seeking to divine the mind of a prior court, there was discussion regarding the ability of the Supreme Court to rule more broadly once the case was taken. As to the second issue, the issue of the determination of the tier level and the resulting guideline, 42 United States Code Section 16911 does two things. It determines whether an individual is a sex offender in the first instance, in subsection 1, defining the term sex offender by way of conviction. It does later reference section 5, which includes more expansive language, but uses the phrase conviction in the first instance. Section 4 of the same statute, 16911, defining tier 3 offenses, then shifts to different language, describing an offense, discussing comparability, asking whether an offense is comparable or more severe than some listed offenses, but also specifically at 4A1, indicating that the federal statutes, which are to be used, describe conduct and don't define. And the government would submit that even the cases cited by the defendant make the Cardi distinction, that where the language is commission is used instead of conviction, and that those words have significance, showing that not a categorical or modified categorical approach would apply, but rather allows the court to look at the facts. Is the issue you're now discussing, was that raised before the district court? It was not. By arguing it, are you concluding that it was not waived but only forfeited? The government's opening brief did not make the argument of forfeiture. We made precisely that argument with respect to the first issue, the SORNA issue. And one can also see that the defendant, advised by competent counsel, determined to proceed not only by not addressing the SORNA, but also by proceeding to sentencing and not contesting that designation. So the argument could be made that there was a forfeiture. The district court gave the defense two or three opportunities to challenge it. On page 24 of the excerpt of record, the court not only gave counsel the opportunity, but explained to the defendant the consequences of continuing, and the defendant indicated in the affirmative that he wished to proceed. I'm still not clear whether you're calling that a waiver or a forfeiture. I'm arguing to the court that if the court determines that it is not forfeited, and I believe there is a basis in the record for that, then it is not plain error based on the language of the statute. Wait a minute. Maybe I'm confused or you're confusing terms. I'm confident it's me, Your Honor. Forfeited means we review for plain error. Waived means it's gone. I've used the terms in their opposite meaning. Changeably, I believe. I believe I used them in both directions, Your Honor. I would argue that the record at the excerpt of record, page 24, would result in a waiver as opposed to a forfeiture. However, should the court treat it as a forfeiture, then looking at the statute, did I do it again? No. Then the structure of the statute would allow the court to assume that it was proper to look at the age of the victim, that, in fact, being 11 as laid out at 20, if memory serves, of the PSIR. And those are all the comments I have, unless the court has questions of me. Let me ask you to focus, going back to the question of whether the counselor categorical approach applies. Yes, Your Honor. The word committed is used in connection with Tier 2. I don't know that it's used in the statute in connection with Tier 3. And I'm not sure that I understand exactly what distinction you're drawing. To put this into context, I'm familiar with Buhn. To what extent is your argument based on Buhn? My argument, I believe, is consistent with Buhn and would indicate that at subsection 4, the word offense is used. The word conviction is absent. Subsection 4, excuse me, of 16911. Buhn, the government would submit. Buhn is the case about whether registration is required. Absolutely. In that sense, it's a civil as opposed to a criminal case. It is. And, excuse me, as I look at the statute, 16911, it seems to me to speak more in categorical terms, because it speaks, for example, in the present tense, means a sex offender whose offense is punishable by imprisonment, not what happened in that particular factual episode. So why is it we shouldn't treat a statute that was adopted well after the categorical approach was in play, shouldn't treat that as an application of a categorical approach for criminal purposes? Well, as the Buhn court says at page 991, and I'm quoting, the use of the word committed rather than convicted persuasively indicates that in determining whether the victim of Buhn's crime was a minor, we may consider not only the elements of the crime of which Buhn was convicted, but her actual conduct. But that word doesn't appear in subsection 4 with regard to tier 3. That is correct, and the court does not hang its hat on that. The court also looks to the congressional intent, specifically dealing at page 992 and 993, indicating that Congress intended to include all individuals who commit sex crimes against minors, not just those where the age is an element. And I would also submit that Buhn makes a distinction and has a different comfort level with the initial determination of whether an individual is a sex offender in the first instance in subsection 1 with the tier determinations later on, where they say it's clear that the non-categorical approach applies. Nothing further unless the court has questions of me. Thank you. Thank you. Just a few points. In sitting and listening to the government, I recalled an en banc decision from this court, which came out of our district, which basically stood for the proposition that the government can waive waiver. It was a case where the defendant had a suppression hearing and lost and did not enter a conditional guilty plea and then on appeal raised issues regarding suppression, and the government responded in substance and did not argue that that argument had been waived. And this court en banc, and I'm sorry I forgot the name of the case, looked to the merits and said the government can waive waiver. So I think that that's what happened in this case to the extent that Mr. Reyes may have waived below, that that issue has been now waived by the government. With respect to the Buhn decision, this case is distinguishable for several reasons. One is this is the criminal context, not the civil registration context. The word when committed by a minor only appears in tier 2, and that may be a qualifying, a qualifier, like in the Nihuan versus Holder context where the issue was is there a fraud offense where the loss amount is over $10,000. The Supreme Court said that there's a categorical approach with respect to whether or not there's a fraud offense, and then there's this qualifier. With respect to the qualifier, you can use a non-categorical fact-finding approach, although even in that case it indicated that that was an immigration decision. In the criminal context, there would be Sixth Amendment protections and issues that would apply. So at the very most for the government, there's a hybrid approach. When the statute says, look, two offenses, it needs to be similar to this offense, and then there's a qualifier, a qualifier such as committed against a minor. But there isn't that language in the third section. And congressional intent doesn't help the government because we aren't saying that Mr. Reyes is not a sex offender. He would just be a tier 1. Thank you. Perhaps you could submit a 28-J letter within the next couple of days indicating what case it is you're referring to. I will do that. Thank you. The case just argued is submitted. Thank both counsel for their argument.
judges: Alarcon, Fernandez, Clifton